IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  U LOCK INC. a/k/a U-LOCK INC., | ) ) ) | Bank. 22-20823-GLT |
| Debtor. | ) ) | Chapter 7 |
| ⎯------------------------------------- | ) | |
| CHRISTINE BIROS, | ) ) | Doc. No. |
| Movant, | ) ) | |
| v. | ) ) ) | Related to Doc. Nos.: 340, 341, 357, 365, 368, 378 |
| SHANNI SNYDER, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

**MOTION TO WITHDRAW REFERENCE PURSUANT TO 28 USC 157(d) AND FED. R. Bk. PROC. 5011(a) AS TO THE OBJECTION TO CLAIM NUMBER 1**

Creditor Shanni Snyder ("Snyder"), by and through her undersigned Counsel, files this Motion to Withdraw Reference Pursuant to 28 USC 157(d) and Fed. R. Bk. Proc. 5011(a) as to the Objection to Claim Number 1, filed by Christine Biros at Doc. No. 340 herein as follows:

1. Snyder filed a Proof of Claim herein based on a judgment entered in the United States District Court for the Western District of Pennsylvania in the case of *Snyder v. U Lock*, Case No. 21-cv-00904. *See* Claim 1.

2. The judgment in that case is based on the *Fair Labor Standards Act*, 29 USC 201, et seq. ("FLSA").

3. Christine Biros, a creditor, has filed an Objection to the Proof of Claim seeking to collaterally attack the judgment on various grounds including that Snyder is not an employee under the FLSA, that the statute of limitations expired, and for judicial estoppel ("the Objection").

4. 28 USC 157(d) provides that "the district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

5. In this case, the Objection requires consideration of both title 11 (objection to claim) and other laws of the United States regulating organizations or activities affecting interstate commerce, which necessarily includes the FLSA and, as a result, the District Court should withdraw the reference of the proceedings that involve the Objection to Snyder's Claim based upon the District Court's judgment in favor of Snyder in accordance with 28 USC § 157(d).

6. Even if the Court determines that a withdraw of the reference of the Objection is not mandatory pursuant to 11 USC § 157(d), which is denied, the Court should still withdraw the reference as requested for cause for the reasons as follow:

    a. In the nearly two (2) year period since the District Court entered judgment in favor of Snyder, no party sought relief from the judgment in the District Court pursuant to Rule 60 of the Federal Rules of Civil Procedure;

    b. Although the District Court judgment in favor of Snyder was entered by default, the District Court scheduled a "Hearing, Argument and taking of evidence and/or testimony" regarding the propriety of default judgment and a determination of any damages related thereto;

    c. On October 18, 2021, the District Court held the aforementioned hearing during which the District Court recounted the procedural background of the case, cited the legal standard applicable to the case, noted that the District Court had reviewed the entire case record prior to the hearing, heard Snyder's testimony under oath, found judgment was appropriate and entered same;

    d. Christine Biros, via the Objection, seeks to get behind and collaterally attack the District Court judgment in a different forum well beyond the time that relief from the judgment could have been sought in the District Court;

    e. Christine Biros, via the Objection, is essentially asking the Bankruptcy Court to act as an appellate court in regard to the District Court's judgment which is improper;

    f. Further, Christine Biros has commenced a separate RICO action in the District Court at Case No. 23-cv-00297 against, inter alia, Snyder which attacks the judgment for the same reasons set forth in the Objection; and

    g. To allow the Bankruptcy Court to review the judgment while addressing the Objection, with the District Court also reviewing the judgment while addressing the RICO action, would risk inconsistent rulings and would certainly lead to duplicative and needlessly costly proceedings.

7. In sum, the District Court should withdraw the reference in accordance with 28 USC § 157(d) in that consideration of the Objection involves title 11 and other laws of the United States affecting interstate commerce. However, even if the District Court disagrees, the reference should still be withdrawn for cause in the interests of judgment finality, to avoid forum shopping, to avoid the possibility of inconsistent rulings and to promote judicial economy and reduce costs.

8. A Designation of the Record related to the instant Motion to Withdraw the Reference is attached hereto as Exhibit A.

    WHEREFORE, Respondent Shanni Snyder respectfully requests that the District Court withdraw the reference as to the Objection to Claim Number 1 (Doc. 340) and take jurisdiction of the matter.

                                               Respectfully Submitted,

Date: May 19, 2023                      */s/ John P. Lacher*
                                               John P. Lacher
                                               PA I.D. #62297
                                               501 Smith Drive, Suite 3
                                               Cranberry Twp., PA 16066
                                               (724) 776-8000 (Phone)
                                               (724) 776-8001 (Fax)
                                               jlacher @lynchlaw-group.com

                                               and


                                               */s/ David L. Fuchs*
                                               David L. Fuchs
                                               PA I.D. #205694
                                               Fuchs Law office, LLC
                                               554 Washington Avenue, First Floor
                                               Carnegie, PA 15706
                                               (412) 223-5404 (Phone)
                                               (412) 223-5406 (Fax)
                                               dfuchs@fuchslaw.com

                                               Counsel for Shanni Snyder

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  U LOCK INC. a/k/a U-LOCK INC., | ) ) ) | Bank. 22-20823-GLT |
| Debtor. | ) ) | Chapter 7 |
| —-------------------------------------- CHRISTINE BIROS, | ) ) ) | Doc. No. |
| Movant, | ) ) | |
| v. | ) ) ) | Related to Doc. Nos.: 340, 341, 357, 365, 368, 378 |
| SHANNI SNYDER, | ) ) | |
| Respondent. _____ | ) ) ) | |

### CERTIFICATE OF SERVICE

John P. Lacher, hereby certifies, that on the 19th day of May, 2023, a true and correct copy of the foregoing **MOTION TO WITHDRAW REFERENCE PURSUANT TO 28 USC 157(d) AND FED. R. Bk. PROC. 5011(a) AS TO THE OBJECTION TO CLAIM NUMBER 1 was** served upon the following (*via electronic service*):

Robert S. Bernstein
Bernstein-Burkley, PC
601 Grant Street, Floor 9
Pittsburgh, PA 15219

Robert H. Slone
Mahody & Mahody
223 South Maple Avenue
Greensburg, PA 15601

Date: May 19, 2023

Respectfully Submitted,

*/s/ John P. Lacher*
John P. Lacher
PA I.D. #62297
501 Smith Drive, Suite 3
Cranberry Twp., PA 16066
(724) 776-8000 (Phone)
(724) 776-8001 (Fax)
jlacher@lynchlaw-group.com