IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Case: **2:23-cv-00979-RJC** |
| | ) | |
| U LOCK INC., | ) | |
| | ) | |
| Debtor. | ) | |
| —------------------------------------------------------) | | |
| CHRISTINE BIROS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNI SNYDER, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION PURSUANT TO FED. R. CIV. PROC. 59(e) and 60(b)(1), (4), and (6) TO ALTER, AMEND, RECONSIDER, OR VACATE THE ORDER OF MARCH 5, 2024

AND NOW COMES Shanni Snyder ("Snyder"), hereby appearing pursuant to 28 USC 1654,[1] and moves this Court pursuant to Fed. R. Civ. Proc. 59(e) and 60(b)(1), (4), and (6) to alter, amend, reconsider, or vacate the Order entered on March 5, 2024, dismissing the mandatory motion to withdraw the reference as moot:

1. As background, Snyder filed a proof of claim against the *U Lock Inc.* estate in the bankruptcy court merely stating that a debt was owed to her based on a judgment

---

[1] Snyder appears *pro se* as to this motion pursuant to 28 USC 1654.  This appearance does not affect any other proceeding at this time and does not constitute an appearance under any other docket number.

rendered by this Court in *Snyder v. U Lock*, No. 2:21-cv-00904-RJC.² In filing

her claim, Snyder invoked the existence of a debt as the judgment was unpaid.

2.  In the bankruptcy context, "debt" means liability on a claim. 11 USC 101(12). A

"claim" means the right to payment. 11 USC 101(5). Certainly, an unpaid

judgment is a debt creating a claim.

3.  Snyder's position is that the bankruptcy court's sole authority for review that

claim was limited to 11 USC 502(b). That is, the proper test was to determine if

the judgment constituted a debt and whether the debt was enforceable against the

debtor, *U Lock Inc.*

4.  Snyder neither invoked a federal statute, invited the court to perform a collateral

attack on the judgment of this court, nor filed anything warranting a review of the

merits under the *Fair Labor Standards Act.* If someone wanted to do that, it falls

under the exclusive jurisdiction of the district court in the underlying case.

5.  Third parties knew they could have attempted to intervene in the

2:21-cv-00904-RJC action, averred in public filings that they were going to

intervene, but never did intervene.

6.  When the bankruptcy court began interpreting the *Fair Labor Standards Act*

regime and allowing third parties collateral attack on this Court's valid judgment,

---

² Technically, Snyder did not need to file a proof of claim in the bankruptcy court because the judgment amount is listed on the bankruptcy schedules filed by U Lock Inc.

Snyder filed a mandatory motion pursuant to 28 USC 157(d) to withdraw the reference, eliminating her consent to the final judgment of the bankruptcy court.

7. After the motion to withdraw the reference was filed, the bankruptcy court directed that pretrial statements be filed, allowed discovery, resolved discovery disputes, and set a full trial on the merits. Eventually the bankruptcy court entered a final, appealable Order.

8. Perhaps the pretrial procedures were proper under the Federal Rules of Bankruptcy Procedure, but statutorily and constitutionally, the bankruptcy court should not have rendered a final Order considering that consent was eliminated.

9. Based on the Bankruptcy Order, this Court, citing *In re: Garden Fresh Restaurants LLC*, 21-cv-1440, 2022 WL 410942 (S.D. Cal. (Feb. 10, 2023), declared Snyder's motion to withdraw the reference moot.

10. Because the Court entered the Order *sua sponte*, the parties received neither an opportunity to brief the issue nor to object.

11. In declaring the matter moot, a constitutional and statutory problem has been created because the *Motion to Withdraw the Reference* was mandatory under 28 USC 157(d) and constituted Snyder's revocation of the consent allowing an Article I judge to render a final judgment.

12. The issues raised in the bankruptcy proceeding involved the interpretation of the *Fair Labor Standards Act* and the propriety of a collateral attack upon a judgment

based on a federal statute from this Court, all matters that Snyder maintained a

statutory and constitutional right to have adjudicated by an Article III judge,

especially considering 28 USC 157(d), and of which she withdrew any consent to

an Article I judge by filing the withdrawal of the reference.

### I.   THE *GARDEN FRESH* CASE DOES NOT SUPPORT THE MOOTNESS CONCLUSION

13.    The *Garden Fresh* case cited by this Court is off point and that court did not

usurp the movant's rights to an Article III judge to enter a final Order in a federal

statute case. Rather, the *Garden Fresh* court stated the issue of withdrawing the

reference was moot because the adversary proceeding was (recommended to be)

<u>dismissed</u>, not because it was adjudicated to a final Order. *See Garden Fresh* at *1

("On January 28, 2022, the Bankruptcy Court ***entered a <u>proposed</u> order*** pursuant

to 28 U.S.C. § 157(c)...). That was Entry 14 in the case.[3]

14. Unlike this case, the *Garden Fresh* case was never going to be finally decided by

the bankruptcy court– the Article III Court was always going to be rendering the

final decision and the dismissal was merely a recommendation.

15. The district court in *Garden Fresh* did not treat the bankruptcy decision as a final

Order.  Rather, the district court and not the bankruptcy court made the final

---

[3] The *Garden Fresh* decision passes constitutional muster as discussed *infra* because it was simply a recommendation and proposed Order from the bankruptcy court subject to *de novo* review.  Moreover, if a party seeks dismissal and receives dismissal, obviously the issues are moot.  Just the opposite occurred in this case where Snyder sought dismissal of the objection and the bankruptcy court denied dismissal and proceeded to adjudication.

Order in the adversary proceeding after considering the objections of the parties. *See Garden Fresh*, at Entry 16, 2022 WL 4356104 (S.D. Cal. Sept. 20, 2022).

16. Snyder recognizes that the Federal Rules of Bankruptcy Procedure provided non-statutory authority to conduct the proceedings, engage in discovery, and even hold a hearing until the withdrawal of the reference was adjudicated. Fed. R. Bk. Proc. 5011-1(g). This Rule, however, cannot override or preempt Snyder's statutory and constitutional right to mandatory withdrawal of the reference so there can be a decision by an Article III court.

17. This problem did not exist in *Garden Fresh* considering the difference between a mere recommendation and an actual decision. Besides, dismissal of an action indeed does moot the need for withdrawal because the moving party received what they wanted (which is elimination of the lawsuit).

18. This is a distinction with a difference. If the bankruptcy court in this case merely made a recommendation, Snyder could have obtained *de novo* review of the facts and the law. *See* Fed. R. Bank. P. 9033(d) ("The district judge shall make a *de novo* review . . . of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule"). However, due to the so mootness, the standard or review may be for clear error.

19. The *In re: Lear Corp.*, 418 B.R. 46, 48 (S.D.N.Y. 2009) case is similarly off

   point.  In that case, the bankruptcy court abstained from hearing the adversary

   case in favor of the United States District Court for the Northern District of

   Illinois under the first filed doctrine.

20. As no party objected or moved for reconsideration, the *Lear* case was indeed

   moot because the party that filed the motion to withdraw the reference received

   precisely what they were attempting to accomplish – dismissal of the adversary

   proceeding and no adjudication of the federal statutes by the bankruptcy judge.

21. In the present case, the withdrawal of the reference was mandatory and the

   bankruptcy court did not dismiss Christine Biros' objection to Snyder's claim, but

   actually adjudicated it as if it were a *de novo* proceeding under the *Fair Labor*

   *Standards Act.*  If the bankruptcy court dismissed the Biros objection under the

   first filed doctrine and referred her to this Court like the *Lear* case, then certainly

   the motion to withdraw the reference would be moot.  However, this is not what

   happened.

## II.  DECLARING THE MOTION TO WITHDRAW THE REFERENCE MOOT   DEPRIVED SNYDER OF HER STATUTORY AND CONSTITUTIONAL RIGHT TO ADJUDICATION BY AN ARTICLE III JUDGE

22. Because bankruptcy judges are not Article III judges, the Constitution limits their

   ability to adjudicate—*i.e.*, to render a final judgment—of issues that are at the

'core' of the bankruptcy power." *Harris v. Wittman, (In re Harris)*, 590 F.3d 730, 737 (9th Cir. 2009).

23. In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*,450 US 50 (1982), the Supreme Court found that the broad jurisdictional grant to bankruptcy courts set forth in  28 U.S.C. § 1471(b) violated Article III of the United States Constitution.  Under that scheme, § 1471(b) gave bankruptcy courts jurisdiction over all bankruptcy cases and all "civil proceedings arising under title 11 or arising in or related to cases under title 11."

24. One of the key provisions of the Judicial Code enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984 to address the constitutional infirmities of the jurisdictional provisions of the Bankruptcy Reform Act of 1978 was 28 U.S.C. § 157(d).

25. Section 157(d) provided the mandatory ability of a party to withdraw consent from the bankruptcy court as to matters based on, or which required interpretation, of other federal statutes and federal regulatory schemes.  These provisions are known as "mandatory withdrawal of the reference" cases because Congress included the term "shall."

26. In *Stern v. Marshall,* 131 S. Ct. 2594 (2011), the Supreme Court held that merely filing a proof of claim did not open a creditor in providing the bankruptcy court with full jurisdiction over it.

27. In *Wellness Int'l Network, Ltd. v. Shari*, 575 US 665 (2015), the Supreme Court noted that matters that are not constitutionally within the purview of the bankruptcy court can be consented to, but that the consent must be *knowing* and *voluntary.*

28. 28 USC 157(d) created a method for persons to withdraw their consent to an Article I judge.

29. Once Snyder invoked the mandatory withdrawal of the reference statute, she exercised her right to withdraw consent to a bankruptcy judge regardless of any perceived consent when she filed a simple proof of claim that did not invoke federal law but merely cited a judgment.

30. Many courts amended their Orders of reference to allow district judges to treat final orders as a recommendation if the bankruptcy judge exceeded their Constitutional or statutory authority. *See* Amended Standing Order of Reference (D. Del. Feb. 29, 2012); Standing Order of Reference, No. 6:12-MC-26-ORL-22 (M.D. Fla. Feb. 22, 2012); Standing Order of Reference Regarding Title 11 (N.D. Fla. June 5, 2012); In re Bankruptcy Proceedings, No. 2012-25 (S.D. Fla. Mar 27, 2012); Amended Standing Order of Reference (M.D. Ga. Feb. 21, 2012); Standing Order No. 13-1 (D. Kan. June 24, 2013); Standing Order of Reference to the Bankr. Court under Title 11, No. 12-1 (D.N.J. Sept. 18, 2012); Referral of Matters to the Bankruptcy Judges (E.D.N.Y. Dec. 5, 2012); Standing Order of

Reference, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012); Standing Order of Reference (W.D.N.Y. Feb. 29, 2012); Amended Standing Order of Reference, No. 3:14mc44 (W.D.N.C. Apr. 14, 2014); Standing Order Concerning Title 11 Proceedings (D.S.C. Dec. 4, 2013); Amended Standing Order of Reference (D. Vt. June 22, 2012).

31. The Supreme Court validated this practice in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2168 n. 3 (2014)("the District Court's *de novo* review of the Bankruptcy Court's order and entry of its own valid final judgment cured any potential error in the Bankruptcy Court's entry of judgment").

32. However, the Western District of Pennsylvania does not appear to have updated its Order of Reference since October 1984.[4]

33. The 1984 Order of Reference does not provide any of the protections to assure that full review is possible in the event that a bankruptcy judge exceeds their authority.

34. Because Snyder had a right to demand that interpretation of federal law (the FLSA) be reviewed by an Article III judge under 28 USC 157(d), denying the motion as moot necessarily deprived her of her statutory and constitutional right in that regard.

---

[4] A review of this Court's website does not reveal an updated Order and the 1984 Order remains posted.

35. The right to an Article III judge is important.  Article III "not only preserves to

litigants their interest in an impartial and independent federal adjudication of

claims ..., but also serves as 'an inseparable element of the constitutional system

of checks and balances.' " *Commodity Futures Trading Comm'n v. Schor,* 478

U.S. 833, 850 (1986).

### III. THERE IS NO MOOTNESS

36. Even if this Court disagrees with Snyder's statutory and constitutional analysis,

and the distinction between the present situation and the cases this Court cited,

the underlying case is not moot.  While the bankruptcy court rendered an

appealable final Order interpreting the *Fair Labor Standards Act*, it has retained

jurisdiction of the matter by issuing an *Order to Show Cause* based on its opinion

interpretation its perceived limitations of the *FLSA*.

### IV.  CONCLUSION

37. Snyder's statutory and Constitutional right to have the matter heard by an Article

III judge is preserved by the mandatory nature of 28 USC 157(d).   The finding

that the motion to withdraw the reference is moot simply because the bankruptcy

court reached a final Order adjudicating the matter infringed upon her rights and

prejudiced her.

38. Moreover, because the issue remains live and proceedings continue, and the

outcome affects this Court's standard of review of the bankruptcy court's appeal

of the final Order (which should have been a mere recommendation), the matter

was not moot.

39. Therefore, this Court should amend, alter, reconsider, or vacate the Order

dismissing the case as moot, and grant the motion to withdraw the reference *nunc*

*pro tunc*.  Alternatively, this Court should modify the Order of the bankruptcy

court to be a recommendation and proposed Order subject to *de novo* review.[5]


Respectfully Submitted,


/s/ *Shanni Snyder*

Shanni Snyder
14390 Route 30
Irwin PA  15642
shannis@pm.me

**MOVANT**

---

[5] Granting the alternative request to construe the bankruptcy court's Order as a recommendation does not eliminate Snyder's objection that the bankruptcy rule allowing the bankruptcy court to proceed until a ruling on the withdrawal of the reference is preempted by the statute and the constitution. The specific relief requested is a *nunc pro tunc* Order granting the withdrawal of the reference.  However, the alternative relief cures some, but not all, of the harm caused by the continuation of the FLSA interpretation by the bankruptcy court.